**United States District Court
For the Southern District of Ohio
Western Division at Cincinnati**

| | |
|---|---|
| RGT INVESTMENTS, LLC, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> DJ STEAKBURGERS, LLC, <br><br> Defendant. | CASE NO. 1:21-cv-00546-MRB <br><br> Judge Michael R. Barrett |

**STIPULATED PROTECTIVE ORDER**

Based on the agreement of the parties, and in order to: (1) expedite and facilitate discovery, and (2) provide appropriate protection for confidential information that may be produced during discovery in this matter, the Court enters this Order to govern the manner in which the information described in this Order may be used and disseminated.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. **Designated Material:** Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action, as well as any information or material filed with the Court, may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a Party to this action) or their legal counsel producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of the Parties, constitute "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and/or protecting trade secrets or other confidential business information including, but not limited to, research, development, contracts, financial or commercial information, employee compensation, customers' business,

revenue and profit, and other internal business information relating to the Designating Person's business. The designation shall be either:

    (a)    "CONFIDENTIAL"; or

    (b)    "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

A Designating Person may designate documents and information "CONFIDENTIAL–ATTORNEYS' EYES ONLY" when the Designating Person believes, in good faith, the information constitutes trade secret or other highly sensitive internal business information or, for an individual, constitutes Protected Health Information (PHI) as defined under HIPAA or is other highly confidential personal information, such that the information in any of the foregoing categories requires or is entitled to more secrecy than information designated "CONFIDENTIAL."

**2.** **Access to Designated Material:** Designated Material shall not be used or disclosed for any purposes other than the litigation in this case and may be disclosed only as follows:

    **(a)** **Parties:** Material designated "CONFIDENTIAL" may be disclosed to: (1) the Parties; (2) in the case of corporate Parties, their in-house counsel and in-house counsel's administrative, paralegal assistants; (3) the Parties' officers, directors, members, employees and/or shareholders who have agreed in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order; and (4) those individuals to whom material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed under the terms of sub-Paragraphs (c) through (f) below.

    **(b)** **Witnesses, Prospective Witnesses, and Court Reporters:** All "CONFIDENTIAL" Designated Material may be disclosed to any witnesses, prospective witnesses, and court reporters in this action, but only for purposes of fact investigation in this case,

or for testimony or preparation of testimony in this case whether at trial, hearing or deposition, and subject to the restrictions set forth in this Agreed Protective Order. Before the disclosure of any "CONFIDENTIAL" Designated Material to witnesses, prospective witnesses, or court reporters, each such person shall sign a document substantially in the form of Exhibit A.

**(c)** **Counsel:** Material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed to outside counsel for Parties, their investigators, their legal associates, paralegals and their regularly employed office staff.

**(d)** **Experts Specifically Retained in and for this Litigation:** Material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed to expert witnesses specifically retained in and for this litigation. All such expert witnesses shall be instructed not to disclose any Designated Material or the fact that they possess Designated Material to any person, except as may be necessary within such person's organization to research, test, investigate, or perform tasks associated solely with this action. Before the disclosure of Designated Material to any expert specifically retained by any Party and/or counsel, each such expert shall first sign a document substantially in the form of Exhibit A, which form shall be retained by counsel for the disclosing Party or non-Party.

**(e)** **Court Personnel and Stenographers:** All Designated Material filed with or used as evidence in the Court may be disclosed to and viewed by appropriate Court personnel and stenographers as necessary without the need of further order of this Court.

**(f)** **Other Persons:** All "CONFIDENTIAL" and "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Designated Material may be disclosed to other persons who are subsequently designated by written agreement of the Parties or by order of the Court. Temporary disclosure or possession of "CONFIDENTIAL" Designated Material may be provided as

necessary to copying services, translators, and to litigation support firms providing consultation or graphics so long as such persons or entities have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

3. **Copies:** Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to Paragraph 12 of this Order.

4. **Custody of Designated Material:** Any person having custody of any Designated Material shall maintain it in a manner that limits access to authorized persons under this Order. Counsel of record for the Party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall be responsible for advising such person about this Order's requirements and will maintain a copy of the Declaration any such person signs agreeing to be bound by this Order (Exhibit A).

5. **Designating Material:** Documents shall be designated by placing, stamping or marking the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" or similar words clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form, or which cannot be conveniently designated in the manner set forth herein, shall be designated by the producing Party by informing the receiving Party in writing.

6. **Designating Depositions:**

    (a) Deposition transcripts or portions thereof may be designated either: (1) when or before the testimony is recorded, in which case the transcript of the designated testimony

shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct; or (2) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending and before expiration of the ten (10) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY".

    (b) Where testimony is designated at a deposition, the Designating Person may exclude from attendance at the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 2 of this Order.

    (c) Any Party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under Paragraph 2 of this Order, and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

    (d) If Designated Material produced by a non-Party is introduced, incorporated in, referred to, or otherwise used in a deposition, the Party responsible for any such use of Designated Material shall ensure that the transcript or the pertinent portions thereof are designated on behalf of such non-Party, and shall further ensure that all persons other than those to whom the Designated Material may be disclosed under Paragraph 2 of this order are excluded from attendance at the deposition or the relevant portion thereof.

    **7.** **<u>Court Procedures</u>:** This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission

as to each such filing, upon motion and in accord with the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

This provision does not relieve the filing Party of serving the document on other Parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order. If any papers to be filed with the Court will contain, quote, paraphrase, compile or otherwise reveal the substance of documents designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY", the filing Party's counsel agrees to confer with opposing counsel before filing to ensure that copies of any such papers are redacted to omit any text which contains, quotes, paraphrases, compiles, or otherwise reveals the substance of documents designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY".

8. **Designations to be Reasonable:** The Parties will use reasonable judgment in good faith to avoid designating any information or documents "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" which are not confidential or generally available to the public.

9. **Objections:** A Party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on the other Party a captioned notice of objection, which shall identify with particularity the Designated Material that is challenged, and

propose a new designation for or declassification of each item and the basis for such objection. The Parties shall meet and confer in good faith in an effort to resolve the objection informally and shall otherwise comply with the Court's Local Rules and Orders regarding discovery disputes before filing any motions related to the designation of Designated Material. The Designated Material shall retain its original designation until either the Designating Person agrees to change or remove the designation or the Court orders that the designation be changed or removed.

10. **No Prejudice:**

(a) Nothing in this Order shall preclude either Party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials in discovery. At trial, the Parties will re-designate or redact Designated Material as appropriate either by agreement or Court order.

(b) This Order shall not diminish any existing obligation or right with respect to Designated Material, including the rights of the Designating Persons to use or disclose their own Designated Material.

(c) A Party may seek, by written agreement from a Party or Court order, to make late designations of material otherwise entitled to protection under this Order if the Party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements of Paragraph 13 of this Order.

11. **Inadvertent Production:** Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege, work product doctrine, or any other statutory, regulatory, or common law privilege prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the applicable privilege, and no Party shall be held to have waived any

rights thereunder by inadvertent production. If, after materials are disclosed, a producing Party asserts that such materials are protected by an applicable privilege and were inadvertently produced, the receiving Party shall take prompt steps to ensure that all known originals and copies of such material are returned promptly to the producing Party. The cost, if any, for excising such materials by the receiving Party shall be borne by the producing Party. The Parties may thereafter contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the inadvertent production.

12. **Final Disposition:** Upon final termination of this action, and at the written request of the person designating or producing the material, all Designated Material and all copies and extracts thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony and designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving Party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain Designated Material, including as reflected in pleadings, attorney and consultant work product, depositions and exhibits, confidentially within counsel's law office and record storage system and for archival purposes.

13. **Error in Designation:** The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate

shall be corrected promptly within a reasonable time under the circumstances after the Designating Person becomes aware of the error, but generally by no later than ten (10) business days.

    **14.** **Modification and Survival:** The restrictions imposed by this Order may be modified or terminated only by order of this Court. This Order shall survive termination of this action.

    **SO ORDERED.**

**January 10, 2022**                                          **/s Michael R. Barrett**
**DATE**                                                                   **MICHAEL R. BARRETT**
                                                                                     **UNITED STATES DISTRICT JUDGE**

**AGREED TO AS TO FORM AND CONTENT:**

| | |
|---|---|
| */s/ Sarah B. Cameron* | */s/ David P. Williamson* |
| Sarah B. Cameron, trial attorney (0091319) | David P. Williamson, trial attorney (0032614) |
| Michael A. Xavier (0097121) | Kevin C. Quinlan (0092999) |
| Dinsmore & Shohl LLP | Bieser, Greer & Landis LLP |
| 255 E. Fifth Street, Suite 1900 | 6 N. Main Street, Suite 400 |
| Cincinnati, OH 45202 | Dayton, OH 45402 |
| Telephone: (513) 977-8200 | Telephone: (937) 250-7776 |
| Facsimile: (513) 977-8141 | Facsimilie: (937) 223-6339 |
| Email: Sarah.Cameron@dinsmore.com | Email: dpw@biesergreer.com |
| Michael.Xavier@dinsmore.com | kcq@biesergreer.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**EXHIBIT A**

**United States District Court
For the Southern District of Ohio
Western Division at Cincinnati**

| | |
|---|---|
| RGT INVESTMENTS, LLC, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> DJ STEAKBURGERS, LLC, <br><br> Defendant. | CASE NO. 1:21-cv-00546-MRB <br><br> Judge Michael R. Barrett |

**DECLARATION**

I, _____, hereby declare that I am to receive Designated Material, labeled pursuant to the terms of the Stipulated Protective Order ("Order") entered on _____, 2022 in the above-referenced case.

I further declare that I have read a copy of the Order, that I agree to be bound by all terms set forth in the Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Order.

_____  
Date Signed

_____  
Declarant's Signature

_____  
Printed Name

_____  
Address

_____  
City, State, Zip Code