UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RGT INVESTMENTS, LLC, et al,            Case No. 1:21-cv-546
    Plaintiffs,                                        Litkovitz, M.J.

vs.

DJ STEAKBURGERS, LLC,                    **ORDER**
    Defendant.

       This matter is before the Court on defendant DJ Steakburgers, LLC's motion for leave to file its motion for summary judgment and supporting exhibits under seal. (Doc. 21). In support of its motion, defendant states that "certain information designated by it as 'confidential' should be confidential and for attorneys' eyes only pursuant to the Stipulated Protective Order, filed on January 10, 2022." (*Id*.).

**I. Standard of Review**

       Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of

overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

## II. Analysis

Defendant seeks a blanket order sealing its forthcoming motion for summary judgment and exhibits in support of the forthcoming motion for summary judgment on the sole basis that

"certain information designated by it as 'confidential' should be confidential and for attorneys' eyes only pursuant to the Stipulated Protective Order, filed on January 10, 2022." (*Id*.).

The Court recognizes there may be a compelling interest in maintaining the confidentiality of certain documents. However, defendant has not identified the specific documents it seeks to seal or provided any reasons, other than the presence of the confidentiality provision in the protective order, why these documents should be sealed. The fact that these documents may have been marked "confidential" and produced pursuant to a protective order does not justify its sealing. In *Shane Group*, the sole justification for sealing documents in that case was that the filings included materials "designated as a confidential" pursuant to a joint protective order. *Shane Grp*., 825 F.3d at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id*. The Court of Appeals stated, "In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id*. at 307. The Sixth Circuit explained that "a mere protective order [that] restricts access to discovery materials is not reason enough, as shown above, to seal from public view materials that the parties have chosen to place *in the court record*." *Id*. (emphasis in original).

As the party seeking to seal these documents, defendant carries the heavy burden of overcoming the presumption of openness document-by-document with reference to specific reasons and/or legal citations. *Shane Grp*., 825 F.3d at 305-06. Defendant's motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether plaintiff objects. *Id*. at 306.

Defendant's motion to seal (Doc. 21) is therefore **DENIED** subject to reconsideration upon the submission of a motion consistent with the law summarized above. The Court notes that in the event any future motion to seal is granted, a redacted version of the motion for summary judgment and supporting exhibits will be required to be filed on the Court's docket.

**IT IS SO ORDERED**.

Date: 9/1/2022

Karen L. Litkovitz
Chief United States Magistrate Judge